Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 The Swedish brig Nejirea was seized by the collector of customs at >San '.Francisco, as' forfeited to the United States ■ under the 'passenger act of 1847. The record in this case exhibits thé libel for information, filed on behalf of the United States, a demurrer thereto by the claimant, and- a decree of the court below dismissing the libel. The appeal, therefore, brings under review' the question of the sufficiency of the libel.
 

 The claimant sets forth the following grounds of demurrer:
 

 '. 1. Thát the said libel states no sufficient cause of condern- ■ nation of said ship.
 

 2. Because the said libel states no offence against the laws of the United States.
 

 3. Because the said libel , does not aver that the excess of ■passengers carried or imported on said ship- were so carried or imported on the lower deck of said brig, or the orlop deck thereof. '
 

 -.4. Because the facts stated in said libel do not constitute a . violation of the passenger act of the United States of 1847, or any other law of the United States.
 

 The first, second, and fourth, are but different forms of the same general assertion, “Ihat'the libel states no offence.”
 

 The thirds which is more specific, objects to the libel for want of an averment that the passengers were carried on the lower deck.
 

 An information for forfeiture of a vessel need not be more technical in its language, or specific in its' description of the . , offence, than ah indictment. As a general rule, an indictment for 'a statute offence is sufficient, if it describe the offence in. the very words of- the statute. The exceptions to this rule aré, where the offences-created by. statute are analogous to ■ certain' common-law felonies or misdemeanors, where the precedents require certain technical language, or where special averments .are necessary in the description of the particular offence, in order that the defendant may afterwafds protect himself under the plea of
 
 autrefois acquit
 
 or
 
 convict.
 
 (See on this subject United States
 
 v.
 
 Gooding, 12 Wheaton, 474.)
 

 The offence created by the statute on which this libel is founded, has no ■'analogy to any particular common-law crime; If, therefore, the libel sets forth the offence in.the words off
 
 *95
 
 the statute which creates it, with-sufficient certainty as fo the time and place of its commission, it is all that is necessaiy to put the claimant on his defence.
 

 The- object of the act in question is the protection of the health and lives of passengers from becoming a prey to' the avarice of ship owners. In order to test the sufficiency of the libel, it will he necessary to set forth at length the two sections under which it was framed:
 

 The first section provides, that no master “shall take on board such vessel, at any foreign port or place, a greater ram-; her of passengers than in the following proportion to the space occupied by them and appropriated to their use, and unoccupied by stores or other goods not being the personal baggage of such passengers, that is to say, on the
 
 lower deck or platform,
 
 one passenger for every fourteen clear superficial feet of deck, if such vessel is not 'to pass within the tropics during such voyage; but if such vessel is to pass within the tropics during such voyage, then one' passenger for every twenty such clear superficial feet of deck; and on the, orlop- deck, (if any,) one passenger for every .thirty such superficial feet in all cases, ■with.intent to bring such passengers into the United States of' .America, and shall leave such port, or place, with the same, and bring the same, or any number thereof, within the jurisdie-diction of the United States aforesaid, or if any such master of vessel shall take on hoard of his vessel, at any port or place within the jurisdiction of the United States aforesaid, any greater number of passengers than the proportions aforesaid admit, with the intent to carry the same to any foreign port or place, every such master shall he deemed guilty of a misdemeanor, and upon, conviction thereof before any circuit or district court of' the United States aforesaid, shall, for each passenger taken, on board beyond the above proportions, be fined in the sum of fifty dollars, and may also be imprisoned for any term not ex-ceéding one year:
 
 Provided,
 
 that this act shall not be construed to permit any ship or vessel- to cany more than two passengers to every five tons of such ship or vessel.”
 

 “Sec. 2. That if the passengers so taken on board such vessel, and brought into, or transported from, the United States aforesaid, shall- exceed the number limited by the lást section, to the
 
 number of twenty in the whole,
 
 such vessel shall be forfeited to the United States aforesaid, and be prosecuted and distributed as forfeitures are under the act to regulate duties on imports and tonnage.”
 

 blow, the. libel conforms strictly to the requirements of this act.
 

 It avers, that the master “ took on board the bTeurea at
 
 *96
 
 ■Hong Kong, in China, on the 1st of June, 1854, two hundred ■and sixty-three passengers. That this was a greater number .than in proportion to the space occupied by them, viz: “on -.the lower deck or platform” one passenger for every fourteen clear superficial feet, with intent to bring said passengers to . the United States. That he afterwards, viz: on the 26th day of August,'did bring them on said vessel to the port of San Eran-cisco. That the passengers so taken on board and brought into the United States did exceed the number which could be lawfully taken, to the number of twenty in the whole, &e.
 

 The act does not require an averment that the passengers “were carried or imported on the lower deck or the orlop deck.”
 

 The libel sets forth every averment of time, place, numbers, intention, and act, in the very words of the statute. It was not ■necessary to specify the precise measurement of the deck, or to show by a mathematical calculation its incapacity; nor to state the'sex, age, color, or nation, of the passengers; nor how ':'many more than twenty their number exceeded the required area on deck. All these particulars were matters of evidence, which required no special averment of them to constitute.a complete and technical description of the offence.
 

 The decree of the District Court is therefore reversed, and record remitted for further proceedings.